IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUNG TRI NGUYEN,<br><br>    Petitioner,<br><br>  vs.<br><br>MIKE EVANS, Warden,<br><br>    Respondent. | No. C 06-4630 JSW (PR)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at Salinas Valley State Prison in Soledad, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. Petitioner has paid the filing fee. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was convicted after trial in Santa Clara County Superior Court and sentenced to a term of 30 years-to-life in prison. Petitioner appealed his conviction to the California Court of Appeal which denied the appeal in 2003. The Supreme Court of California denied his petition for review in 2005 and his petition for certiorari was denied by the United States Supreme Court in 2006. Petitioner filed the instant federal habeas petition on July 28, 2006.

**DISCUSSION**

I     Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II    Legal Claim

The petition alleges that the trial court violated Petitioner's confrontation rights by allowing the gang enhancement to by proved by hearsay. Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief. Accordingly, Respondent is ordered to respond to the petition as set forth below.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

1    3. Respondent may file a motion to dismiss on procedural grounds in lieu of an
2 answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing
3 Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court
4 and serve on Respondent an opposition or statement of non-opposition within **thirty (30)**
5 days of receipt of the motion, and Respondent shall file with the Court and serve on
6 Petitioner a reply within **fifteen (15)** days of receipt of any opposition.
7    4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep
8 the Court informed of any change of address by filing a separate paper captioned "Notice
9 of Change of Address." He must comply with the Court's orders in a timely fashion.
10 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
11 to Federal Rule of Civil Procedure 41(b)

12    IT IS SO ORDERED.

13 DATED: January 17, 2007

                                    _____
                                    JEFFREY S. WHITE
                                    United States District Judge

3